1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11  JOHN DONALD KELSO,

12          Plaintiff,              No.  2:13-cv-0504 AC P

13      vs.

14  WENDY GETTY, et al.,

15          Defendants.            ORDER

16  _____/

17          Plaintiff, a county prisoner proceeding pro se, has filed a civil rights action

18  pursuant to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis

19  pursuant to 28 U.S.C. § 1915.

20          Plaintiff has not, however, filed his application for leave to proceed in forma

21  pauperis on the form used by this district.  Accordingly, plaintiff's application will be dismissed

22  and plaintiff will be provided the opportunity to submit the application on the appropriate form.

23  Plaintiff is cautioned that he must also provide a certified copy of his prison trust account

24  statement for the six month period immediately preceding the filing of his complaint.

25          In addition, for the reasons outlined below, the amended complaint will be

26  dismissed without leave to amend.

1

1       *The Complaint*

2       Screening Requirements

3       The court is required to screen complaints brought by prisoners seeking relief

4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

7  be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8  U.S.C. § 1915A(b)(1),(2).

9       A claim is legally frivolous when it lacks an arguable basis either in law or in

10  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

11  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.

13  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

14  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

15  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

16       A complaint must contain more than a "formulaic recitation of the elements of a

17  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

18  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading

19  must contain something more...than...a statement of facts that merely creates a suspicion [of] a

20  legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and

21  Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual

22  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

23  556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility

24  when the plaintiff pleads factual content that allows the court to draw the reasonable inference

25  that the defendant is liable for the misconduct alleged."  Id.

26       In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

<u>Summary of the Complaint</u>

Plaintiff names as defendants a judge of the Solono County Superior Court as well as the "Director of the California Mental Health Agency John or Jane Doe."  <u>See</u> ECF No. 1 at 2.  It appears from the statement of the claim that plaintiff's judgment and sentence direct his placement at Patton State Hospital but that, at Patton, unidentified persons have tried to kill plaintiff 100 times over six years and tried to blind him 20 times.  According to plaintiff, "I keep trying to get the D.A. and judge not to send me back to Patton or Metropolitan but they always say it is out of their hands."  <u>Id.</u> at 3.  As relief, plaintiff asks that he be transferred to a facility other than Patton or Metropolitan.[1]  <u>Id.</u>

<u>Analysis</u>

This complaint will be dismissed with leave to amend.

*Habeas and Civil Rights*

Although the complaint provides little detail, plaintiff appears to be challenging execution of his judgment and sentence.  To the extent plaintiff is raising such a challenge, his claims must be raised in habeas, not in a civil rights action filed pursuant to 42 U.S.C. § 1983.

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat.  1979, as amended, 42 U.S.C. § 1983.  <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004) (per curiam).  Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, <u>Preiser v. Rodriguez</u>, 411

---

[1]  By "Metropolitan," plaintiff appears to be referring to Department of State Hospitals - Metropolitan LA, located in Norwalk, California.  <u>See</u> <u>Http://www.dsh.ca.gov/Metropolitan/Contact.asp,</u> last visited April 8, 2012.

U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. <u>Muhammad v. Close</u>, 540 U.S. at 750. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. <u>Id.</u> at 750-51.

In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the United States Supreme Court held that where success in a prisoner's §1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence. <u>See Muhammad v. Close</u>, 540 U.S. at 751. Accordingly, in <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997), the Supreme Court applied <u>Heck</u> in the circumstances of a §1983 action claiming damages and equitable relief for a procedural defect in a prison's administrative process, where the administrative action taken against the plaintiff could affect credits toward release based on good-time served. <u>See Muhammad v. Close</u>, 540 U.S. at 751. In each instance, conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas served the practical objective of preserving limitations on the availability of habeas remedies. <u>Id.</u>

Federal petitions for habeas corpus may be granted only after other avenues of relief have been exhausted. 28 U.S.C. § 2254(b)(1)(A). <u>See Rose v. Lundy</u>, 455 U.S. 509 (1982). Prisoners suing under § 1983, in contrast, generally face a substantially lower gate, even with the requirement of the Prison Litigation Reform Act of 1995 that administrative opportunities be exhausted first. 42 U.S.C. § 1997e(a); <u>Muhammad v. Close</u>, 540 U.S. at 751. <u>Heck</u>'s requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence. <u>Muhammad v. Close</u>, 540 U.S. at 751.

1       The undersigned notes that plaintiff previously attempted to raise these claims in

2  an earlier civil rights action, and was advised of the need to file a habeas petition.  See Kelso v.

3  Sandoval, No. 2:09-cv-2142 MCE KJM P, ECF No. 18 at 3; Kelso v. Kennycutt, No. 2:11-cv-

4  0674 MCE EFB P, ECF No. 11 at 4.

5       *Judicial Immunity*

6       Moreover, the sole named defendant is a judicial officer who is apparently named

7  on account of her performance of her duties as a judge.  Judges enjoy absolute immunity for their

8  decisions.  E.g., Stump v. Sparkman, 435 U.S. 349, 355 (1978).  Although, as noted above, the

9  factual basis for plaintiff's claims is unclear, it appears that plaintiff seeks relief on account of

10  defendant's handling of his sentencing.  If so, then defendant would appear to be entitled to

11  absolute immunity.

12       *Choice of Institutions*

13       Plaintiff appears to be asking that this court direct that the state place plaintiff in a

14  particular institution, or at least direct the state not to house plaintiff at certain institutions.

15  However, it is unclear how plaintiff invokes this court's jurisdiction over such a request.  No

16  constitutionally protected interest is implicated when the state decides to place plaintiff at one

17  institution instead of another in the state's system.  See Meachum v. Fano, 427 U.S. 215, 223-

18  225 (1976).

19       *Conditions of Confinement*

20       To the extent plaintiff is seeking to raise claims in connection with his treatment

21  at Patton or Metropolitan, he is reminded that neither institution is in this judicial district, as was

22  explained in this court's prior decisions.  Any complaint regarding conditions at Patton or

23  Metropolitan should be filed in the Central District of California and not in this court.

24       The complaint will accordingly be dismissed with leave to amend.  Plaintiff may

25  choose to file a petition for writ of habeas corpus, or may decide to file an amended complaint

26  resolving the issues raised in this order.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's March 13, 2013 application to proceed in forma pauperis (Docket No. 2) is dismissed without prejudice;

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner;

3. Plaintiff shall submit, within thirty days from the date of this order, a completed application to proceed in forma pauperis. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice; and

4. Plaintiff's complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this Order. Failure to

1    file an amended complaint will result in a recommendation that this action be dismissed for

2    failure to state a claim upon which relief may be granted.

3    DATED: April 8, 2013.

4

5                                    _____
                                     ALLISON CLAIRE
6                                    UNITED STATES MAGISTRATE JUDGE

7    AC:rb
     kels0504.B.3d

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26