1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                      FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   JOHN DONALD KELSO,                          No.  2:13-cv-0504 AC P

11              Plaintiff,

12      v.                                       ORDER

13   WENDY GETTY, et al.,

14              Defendants.

15

16          Plaintiff, an inmate currently confined at the Solano County Jail, proceeds pro se and

17   seeks relief pursuant to 42 U.S.C. § 1983.  By order filed April 9, 2013, plaintiff's original

18   complaint was dismissed with leave to amend.  Plaintiff has filed a first amended complaint.

19          I.      In Forma Pauperis

20          Plaintiff requests leave to proceed in forma pauperis and has submitted a declaration that

21   makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in

22   forma pauperis will be granted.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

25   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

28   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

1    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

3    1915(b)(2).

4          II.     Screening of Plaintiff's First Amended Complaint

5             A.  Standards

6         The court is required to screen complaints brought by prisoners seeking relief against a

7    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

8    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

9    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

10   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

11        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

13   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17   Cir. 1989); Franklin, 745 F.2d at 1227.

18        A complaint must contain more than a "formulaic recitation of the elements of a cause of

19   action;" it must contain factual allegations sufficient to "raise a right to relief above the

20   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading

21   must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of]

22   a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and

23   Procedure § 1216, pp. 235-35 (3d ed. 2004).   "[A] complaint must contain sufficient factual

24   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

25   566 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has

26   facial plausibility when the plaintiff pleads factual content that allows the court to draw the

27   reasonable inference that the defendant is liable for the misconduct alleged."  Id.

28   ////

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

B.  Plaintiff's Allegations

Plaintiff alleges that he is a civilly committed MDO (mentally disordered offender).  He is currently confined at Solano County Jail.  Plaintiff names as defendants the Warden at CMF, the Facility Commander at Solano County Jail-Fairfield and the Director of State Hospitals.

Although plaintiff's first amended complaint supplies more detail than his original complaint, it is still very difficult to understand, and as plaintiff acknowledges, certain parts of it are "not very legible."  ECF No. 10 at 33.  Another problem with the complaint is that it appears to include extraneous information including quotes, musings and other information that is not relevant to plaintiff's factual allegations against the named defendants.

1.  Missing Property

When plaintiff arrived, presumably at Solano County Jail, he was given one small box of his property, however there were supposed to be two boxes.  Id. at 5.  Plaintiff's legal work was with his property.  Id.

To establish a violation of the right to access to the courts, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded by acts of the defendant(s), and (2) he has suffered an actual injury as a result.  Lewis v. Casey, 518 U.S. 343, 353–55 (1996).  An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."  Id. at 348; see also Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989); Keenan v. Hall, 83 F.3d 1083, 1093 (9th Cir. 1996).  The underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant. Christopher v. Harbury, 536 U.S. 403, 416 (2002).  Thus, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being

3

1   independently pursued, and a like plain statement should describe any remedy available under the

2   access claim and presently unique to it." Id. at 417−18.

3        The vague allegations in the first amended complaint do not state a cognizable

4   constitutional claim for an access to courts violation.  However, plaintiff may attempt to cure

5   these deficiencies in any second amended complaint he chooses to file.

6        2.   Housing Placement/ Conditions of Confinement

7        Plaintiff next alleges that he is locked up with murderers and rapists.  ECF No. 10 at 7.

8   He alleges that the current inmate classification system is unconstitutional because violent

9   offenders are mixed with non-violent offenders, misdemeanor offenders are mixed with felony

10   offenders, and MDOs are mixed with all of the above.  Id. at 9.  Plaintiff proposes his own

11   classification system. Id. at 11−13.  In relevant part, he alleges that civilly committed persons

12   should not be housed with prisoners who are not civilly committed.  Id. at 15.  Petitioner goes on

13   to propose general improvements in conditions of confinement such as affording six hours of

14   sunshine a day, wholesome food, and thirty minute showers.  Id. at 21.  The remainder of the

15   complaint is difficult to understand, however plaintiff appears to be proposing improvements to

16   the canteen ( id. at 23−25), discussing the building of new prisons and hospitals (id. at 27), and

17   seeking the appointment of multiple special masters to oversee the state hospitals and prisons (id.

18   at 29).

19        In Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982), the United States Supreme Court

20   recognized that "persons who have been involuntarily committed are entitled to more considerate

21   treatment and conditions of confinement than criminals whose conditions of confinement are

22   designed to punish."  The court compared civil detainees to pre-trial detainees who cannot be

23   subjected to punitive conditions, but are nevertheless subject to "those restrictions on liberty that

24   [are] reasonably related to legitimate government objectives and not tantamount to punishment."

25   Id. at 320.  The rights afforded prisoners set a floor for those that must be afforded civil detainees.

26   Hydrick v. Hunter, 500 F.3d 978, 989 (9th Cir. 2007) (reversed on other grounds)).

27        Thus, while the Eighth Amendment applies to conditions of confinement of convicted

28   prisoners, the more protective fourteenth amendment standard applies to conditions of

4

confinement of detainees. See <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 n.16 (1979); <u>Jones v. Blanas</u>, 393 F.3d 918, 932 (9th Cir. 2004); <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).  At a bare minimum, an individual detained under civil process cannot be subjected to conditions that "amount to punishment." <u>Blanas</u>, 393 F.3d at 932 (citing <u>Bell</u>, 441 U.S. at 536).  The Ninth Circuit has held:

> Punitive conditions may be shown (1) where the challenged restrictions are expressly intended to punish, or (2) where the challenged restrictions serve an alternative, non-punitive purpose but are nonetheless "excessive in relation to the alternative purpose," <u>Demery</u>, 378 F.3d at 1028 (quoting <u>Bell</u>, 441 U.S. at 538, 99 S.Ct. 1861) (quotation marks and further citation omitted), or "are employed to achieve objectives that could be accomplished in so many alternative and less harsh methods," <u>Hallstrom v. City of Garden City</u>, 991 F.2d 1473, 1484 (9th Cir.1993) (quoting <u>Bell</u>, 441 U.S. at 539 n. 20, 99 S.Ct. 1861) (quotation marks and internal punctuation omitted).  Legitimate, non-punitive government interests include ensuring a detainee's presence at trial, maintaining jail security, and effective management of a detention facility. <u>Id.</u>

<u>Blanas</u>, 393 F.3d at 932.  In addition, to prevail on a Fourteenth Amendment claim regarding conditions of confinement a detainee need not prove "deliberate indifference" on the part of the government.  <u>Id.</u>

The allegations in the first amended complaint fail to state a cognizable claim under the Fourteenth Amendment regarding plaintiff's conditions of confinement.  However, plaintiff may attempt to cure these deficiencies in any second amended complaint he chooses to file.

III.    <u>Conclusion</u>

For the reasons discussed, the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  The complaint must be dismissed.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claim.  <u>Id.</u>  The court will grant plaintiff leave to file an amended complaint alleging an access to courts claim or a conditions of confinement claim under the Fourteenth Amendment.  In any second amended complaint he chooses to file, plaintiff shall refrain from including quotes, musings or other extraneous information and shall make his best

1   attempt to write each page legibly.

2         If plaintiff chooses to file a second amended complaint, he must demonstrate how the

3   conditions complained of have resulted in a violation of his right to access the courts or another

4   deprivation of his constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also,

5   the complaint must allege in specific terms how each named defendant is involved.  There can be

6   no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

7   defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

8   Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

9   1978).  Vague and conclusory allegations of official participation in civil rights violations are not

10  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

11        In addition, plaintiff is reminded that the court cannot refer to a prior pleading in order to

12  make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended

13  complaint be complete in itself without reference to any prior pleading.  See also Loux v. Rhay,

14  375 F.2d 55, 57 (9th Cir. 1967).

15        In accordance with the above, IT IS ORDERED that:

16        1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 5) is granted.

17        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

18  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

19  1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

20  Director of the California Department of Corrections and Rehabilitation filed concurrently

21  herewith.

22        3.  The first amended complaint is dismissed for the reasons discussed above.  Plaintiff is

23  granted leave to file a second amended complaint within thirty days from the date of this order

24  alleging (1) a violation of his right to access the courts; and/or (2) a conditions of confinement

25  claim brought under the Fourteenth Amendment.  Failure to file a second amended complaint will

26  ////

27  ////

28  ////

6

result in a recommendation that the action be dismissed.

DATED: September 5, 2013

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

kels0504.14am.dism

7