UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DONALD KELSO,<br><br>              Plaintiff,<br><br>         v.<br><br>WENDY GETTY, et al.,<br><br>              Defendants. | No. 2:13-cv-0504 AC P<br><br><br>ORDER |

Plaintiff, a civilly committed mentally disordered offender (MDO) currently confined at Patton State Hospital, proceeds pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned. See ECF No. 4.

On September 6, 2013, the court screened plaintiff's first amended complaint (ECF No. 10), and dismissed it with leave to amend only with respect to an access to courts claim and/or a conditions of confinement claim under the Fourteenth Amendment. See ECF No.12. Plaintiff has filed a second amended complaint. ECF No. 16. The second amended complaint does not cure the deficiencies raised in the court's September 6, 2013 order. Accordingly, the court will dismiss the second amended complaint.

Summary of the Second Amended Complaint

Plaintiff 's second amended complaint suffers from many of the same defects previously identified by this court. ECF No. 12. Named as defendants are Carlos Luna, the Director of

1  Patton State Hospital; the State Director of Mental Health and Hospitals; and the Solano County
2  Sheriff.  ECF No. 12 at 2.  However, nowhere in the second amended complaint does plaintiff
3  identify with specific factual allegations how each named defendant is involved in the alleged
4  violation of his constitutional rights.  See ECF No. 12 at 4.  Plaintiff was previously warned that
5  vague and conclusory allegations of official participation in civil rights violations are not
6  sufficient to state a claim.  See ECF No. 12 at 6; see also Ivey v. Board of Regents, 673 F.2d 266,
7  268 (9th Cir. 1982).  Additionally, plaintiff continues to include extraneous information that is not
8  relevant to plaintiff's factual allegations against the named defendants even though he was
9  previously warned against doing so.[1]  ECF No. 12 at 3, 5-6.

10  Plaintiff makes two general allegations in his second amended complaint.  First, he alleges
11  that "[t]hey stold [sic] my box of legal work and journals here by putting it in my property when I
12  first arrived."  ECF No. 16 at 4.  Plaintiff also alleges that he "had 11 pages of legal work to be
13  copied and they stold [sic] all but 4 pieces of paper."  Id.  These allegations fail to state a
14  cognizable claim for a violation of plaintiff's right of access to the courts for several reasons.
15  First and foremost, plaintiff never identifies the individual(s) responsible for taking his legal work
16  and papers.  This is the most obvious deficiency in plaintiff's second amended complaint.

17  In addition, plaintiff was previously advised that in order to establish a violation of his
18  right to access the courts, he must allege facts sufficient to show that: (1) a nonfrivolous legal
19  attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded
20  by acts of the defendant(s), and (2) he has suffered an actual injury as a result.  Lewis v. Casey,
21  518 U.S. 343, 353-55 (1996).  Plaintiff's allegations fail to meet the first prong of this standard.
22  By his own admission, plaintiff's legal work and journals were placed into his property at the
23  Solano County Jail.  Therefore, these papers were available to assist him in the filing of any legal
24  challenge to his conviction, sentence, or conditions of confinement.  Furthermore, the allegation

---

[1] Above the case caption of the second amended complaint, plaintiff seeks a "class action for all captives held against their will, animal shelters and zoos.  Also in all USA, Russia, NATO & NAFTA, India & Japan & China and this hemisphere be they in jail, prison, kennel, zoo or interior brought to this honorable court by plaintiff, the SPCA and the Friends of the Earth Society."  ECF No. 16 at 2.

concerning missing photocopies has not frustrated or impeded his present legal challenge.  The exhibits attached to the second amended complaint concern plaintiff's request for photocopying of his "11 page 1983 suit" on September 16 and 18, 2013.  See ECF No. 16 at 7, 9.  The court takes judicial notice of the fact that plaintiff filed an 11 page second amended § 1983 complaint on September 30, 2013.  ECF No. 16.  Therefore, the allegations pertaining to missing photocopies do not demonstrate that plaintiff has been frustrated or impeded in his efforts to litigate this civil rights action.  See Lewis, 518 at 353-55.  For these reasons, the court finds the allegations in plaintiff's second amended complaint fail to state a claim for a violation of the right of access to the courts.

Conclusion

The second amended complaint has failed to cure the deficiencies previously identified by this court.  See ECF No. 12.  Plaintiff's second amended complaint will be dismissed for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915A.  While pro se litigants are generally entitled to notice of a complaint's deficiencies and an opportunity to amend prior to dismissal, a complaint may properly be dismissed without leave to amend where any amendment would be futile.  In this case, plaintiff was specifically directed in the court's prior order to explain how the actions of the defendants violated plaintiff's constitutional rights, and, to date, plaintiff has been unable to do so.

Accordingly, IT IS HEREBY ORDERED that the second amended complaint (ECF No. 16) is dismissed for the reasons discussed above, without leave to amend, for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(1)(b)(1).

DATED: November 26, 2013

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3